No. 31,140.

L. O. KRAUSE and MRS. L. O. KRAUSE, *Appellees,* v. L. H. COLLINS, *Appellant.*

(21 P. 2d 320.)

Opinion filed May 6, 1933.

*R. L. Hamilton* and *Max L. Hamilton,* both of Beloit, for the appellant.

*Harold N. Jordan, Orin C. Jordan* and *Ralph H. Noah,* all of Beloit, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to rescind lease of a hotel and purchase of hotel furnishings induced by fraud, and for damages consequent upon the fraud. Plaintiffs prevailed, and defendant appeals.

L. O. Krause and wife lived in Delphos, and had had some

experience in operating hotels. L. H. Collins owned a furnished hotel in Beloit. After preliminary negotiations, Collins leased the hotel to Krause and wife, at a rental of $70 per month payable in advance. The Krauses also purchased the hotel furnishings for $800 cash. On October 5, 1931, the Krauses moved from Delphos to Beloit, took possession of the hotel and personal property, and paid the first month's rent.

Lease of the hotel and purchase of the furnishings were induced by a fraudulent representation admittedly made by defendant's agent, relating to what the hotel earnings were. Shortly after taking possession plaintiffs discovered the fraud, and on October 29 plaintiffs made an offer to compromise respecting the situation. Terms of the offer included cancellation of lease, discontinuance of payment of rent, and payment of damages on account of the false representation. No agreement was reached. Plaintiffs did not pay the rent for November, and defendant sued for the amount. On December 9 plaintiffs brought the present action, and in the second count of the answer defendant sued for the December rent.

The action was tried by the court, which returned findings of fact and conclusions of law. The court canceled the lease and the bill of sale of the furnishings, allowed plaintiffs $9 expense of moving from Delphos to Beloit, allowed them $20 interest on $800, the purchase price of the furnishings, charged plaintiffs with $25 per month for use of the hotel while they occupied it, and rendered judgment in favor of plaintiffs for $774. The judgment was rendered on February 27, 1932, and the court found that on that day plaintiffs surrendered the hotel and furnishings to defendant, who took possession.

The principal contention of defendant is that plaintiffs did not qualify themselves to maintain a suit for rescission by making proper tender.

It was not necessary for plaintiffs to make any formal tender before commencing suit. The suit constituted a demand for equitable relief, and it was sufficient for plaintiffs to offer to do equity on their side in order to obtain such relief.

In discussing with counsel what the findings should be, the court called attention to the fact that tender would have been useless. As indicated, Collins was apprised of the attitude of plaintiffs by the so-called offer to compromise. When plaintiffs did not pay the

November rent, defendant sued them. When plaintiffs sued defendant for rescission, he responded with another insistance on specific performance by asking judgment for the December rent. The court said:

"The defendant has not only claimed that he was entitled to specific performance before this action was brought, but he is claiming it right now. He says he is entitled to his rent, he complains because they haven't paid it."

The result is, it was sufficient for plaintiffs to manifest to the court their willingness to do what equity required of them.

The petition on which the case was tried stated plaintiffs' claims— cancellation of lease and bill of sale, return of money paid for the furnishings, with interest, return of money paid as rent for the first month, and expense of moving. The petition then continued as follows:

"And these plaintiffs, upon being placed *in statu quo,* now tender to the defendant reconveyance of said furniture and equipment and the possession of said hotel."

The next paragraph of the petition contained the following:

"And they hereby tender back all property ·which was attempted to be conveyed by said purported bill of sale."

Defendant contends the first offer was conditional—upon being placed *in statu quo,* plaintiffs were to tender reconveyance and possession. The statement, however, was, plaintiffs "now tender," etc. The later tender of return of the furnishings was unqualified. Reading the two paragraphs of the petition together, the court is of the opinion that, while the phraseology of the first offer was not well chosen, the petition was not fatally defective for lack of offer to restore Collins to the position he occupied before he placed defendants in possession of the hotel. Having authority to enter upon an investigation of the merits of the controversy, the court could deal with it as equity required.

Defendant contends the tender contained in the petition should have included an offer to pay rent. If plaintiffs offered to pay rent, they affirmed the contract, and could not ask for rescission. An offer to pay less than the stipulated rent, by way of recompense for use and occupation, would have been futile. The specific objection that the tender omitted offer to pay rent was first made in a demurrer to plaintiffs' evidence. Plaintiffs promptly offered to pay a reasonable sum for rent during the period they occupied the

hotel. As indicated, the district court allowed Collins $125 for use of the property while he was out of possession.

This court has no disposition to weaken the requirement that one who comes to a court of equity to obtain relief according to the dictates of good conscience and equal justice, should govern his conduct by the same principles of fairness and uprightness. In this instance it is plain enough that what plaintiffs desired was to be restored, without loss, to the status they occupied before they dealt with defendant. They did not want the hotel and the furnishings adapted to hotel use. But defendant was suing them on the contract of lease for rent. Therefore they appealed to a court of equity. They fumbled slightly in procedure, but not to defendant's hurt, and it would seem the legislature must have had in mind just such cases when it enacted the following statute:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; . . ." (R. S. 60-3317.)

Defendant objected to proof of the offer to compromise, which was not in fact an offer to compromise. It was an attempt to obtain a settlement. But the offer was plaintiffs' offer, not defendant's. It merely served to notify defendant of what plaintiffs claimed and were willing to do, and the findings of fact show the court gave the offer no consideration in determining the issues.

There is nothing else in the case of sufficient importance to require discussion, and the judgment of the district court is affirmed.